IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY JO RATTERMANN, | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| vs. | : | CIVIL ACTION NO.: |
| | : | |
| FRANKLIN & MARSHALL COLLEGE, | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : | |
| | : | |

**COMPLAINT AND JURY DEMAND**

**I.   PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of the Plaintiff, Mary Jo Rattermann, a former employee of Defendant, Franklin & Marshall College, who has been harmed by the Defendant's discriminatory employment practices and breach of contract

2. This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq. and Pennsylvania common law.

**II.   JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and the claim is substantively based on Title VII. Venue is proper in this District pursuant to Title 28 U.S.C. §1391.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider the Plaintiff's claims arising under the PHRA and Pennsylvania common law.

5. All conditions precedent to the institution of this suit have been fulfilled. On December 7, 2005, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue. This action has been filed within the ninety (90) days of receipt of said notice.

### III. PARTIES:

6. The Plaintiff, Mary Jo Rattermann, is a female citizen and resident of Indiana, residing therein at 9679 Troon Court, Carmel, IN 46032.

7. The Defendant, Franklin and Marshall College, is a non-profit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at Old Main Building, Franklin & Marshall College, Lancaster, PA 17604.

8. At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of the Defendant.

9. At all times material herein, the Defendant is and has been a "person" and "employer" as defined under Title VII and the PHRA, and is subject to the provisions of each said act.

**IV.   STATEMENT OF CLAIMS:**

10. The Plaintiff was employed by the Defendant from on or about July 1, 1998 until on or about August 23, 2004.

11. During the course of her employment, the Plaintiff held the position of Assistant Professor and maintained an excellent job performance rating in said capacity.

12. On or about July 1, 2003, the Plaintiff entered into a contract for employment which provided, *inter alia*:

> (a)   that the Plaintiff would be appointed to the position of Assistant Professor;
>
> (b)   that said position was a tenure-track position, which included the expectation that the Plaintiff would apply for tenure during the course of the 2003-2004 academic year; and
>
> (c)   that said tenure application would be evaluated according to Defendant's established policies and procedures.

13. During the course of her employment, the Plaintiff was subjected to discrimination because of her sex (Female).

14. In connection thereto, one Jack Heller ("Heller"), the male Chairperson of Defendant's Psychology Department, and one Michael Goldstein ("Goldstein"), a male faculty member, subjected the Plaintiff to disparate treatment because of her sex (Female).

15. By way of example, on or about November 5, 2003, the Plaintiff commenced the application process for a tenured position with Defendant, in accordance with her employment contract.

16. A Professional Standards Committee ("Committee") was to evaluate both the Plaintiff's application and additional comments solicited from the Plaintiff's colleagues in the Department of Psychology and students.

17. During the course of said evaluation, the said Heller deliberately and maliciously distorted the student evaluations of the Plaintiff, and presented said distortions to the Committee for their review.

18. Such a presentation was a violation of the Defendant's policy governing tenure application review. Specifically, it violated the provision that prohibited Department Chairpersons or other tenured faculty members from attempting to sway the opinions of the Committee.

19. Further, upon information and belief, such a presentation was not included in the evaluation of the tenure application of a male faculty member one year prior.

20. Said presentation was motivated solely to sabotage the Plaintiff's application, thus creating an opportunity for the said Goldstein to replace the Plaintiff.

21. On or about March 3, 2004, Bruce Pipes ("Pipes"), Provost, informed the Plaintiff that her tenure application had been denied by the Committee.

22. Thereafter, the Plaintiff appealed the Committee's decision and submitted additional materials for review.

23. Further, the Plaintiff registered a verbal complaint of sex discrimination with Pipes regarding Heller's conduct.

24. On or about April 7, 2004, the Plaintiff met with one Carole DeWet ("DeWet"), Head of the Defendant's Grievance Committee, to register a verbal complaint of sex discrimination against Heller.

25. The Defendant failed to take any corrective action, however.

26. On or about May 12, 2004, the Defendant informed the Plaintiff that the Committee had again denied her tenure application.

27. Defendant also informed the Plaintiff that, as a result of the Committee's decision, the Plaintiff's employment would be terminated at the end of the 2004-2005 academic year.

28. Upon information and belief, the Defendant has appointed only two female individuals to tenure or tenure-track positions within the Psychology Department, whereas Defendant has appointed 7 male individuals to such positions during the relevant time period.

29. Further, Defendant has awarded tenure to only one female individual within the Psychology Department.

30. As a result of the aforesaid discriminatory acts of the Defendant, on or about August 23, 2004, the Plaintiff was constructively discharged from her position of employment.

## COUNT I
### (Title VII–Sex Discrimination)

31. The Plaintiff incorporates by reference paragraphs 1 through 30 of her Complaint as though fully set forth at length herein.

32. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of Title VII. The said unlawful practices for which Defendant is liable to the Plaintiff include, but are not limited to, denying the Plaintiff tenure and constructively terminating her on the basis of her sex (Female).

33. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant, in violation of Title VII, the Plaintiff has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay, and interest due thereon.

## COUNT II
### (PHRA–Sex Discrimination)

34. The Plaintiff incorporates by reference paragraphs 1 through 33 of her Complaint as though fully set forth at length herein.

35. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the PHRA. The said unlawful practices for which Defendant is

liable to the Plaintiff include, but are not limited to, denying the Plaintiff tenure and constructively terminating her on the basis of her sex (Female).

36. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant, in violation of the PHRA, the Plaintiff has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay, and interest due thereon.

## COUNT III
### (Pennsylvania Common Law–Breach of Contract and Breach of Duty of Good Faith and Fair Dealing)

37. The Plaintiff incorporates by reference paragraphs 1 through 36 of her Complaint as though fully set forth at length herein.

38. The actions of Defendant in refusing to evaluate the Plaintiff's tenure application and job performance according to its non-discriminatory policies and procedures as obligated under the aforementioned employment contract constitutes an unlawful breach of contract by Defendant.

39. Further, the actions of the Defendant in refusing to evaluate the Plaintiff's application and job performance fairly and in good faith constitutes an unlawful breach of the duty of good faith and fair dealing inherent in every contract within this Commonwealth.

40. As a direct and proximate result of the aforesaid breach of contract and duty of good faith and fair dealing, the Plaintiff has sustained a loss of earnings, including but

not limited to, loss of earnings, loss of future earning power, damage to reputation, loss of professional opportunities and all other consequential damages pertaining thereto.

## **PRAYER FOR RELIEF**

41. The Plaintiff incorporates by reference paragraphs 1 through 40 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, the Plaintiff requests that this court enter judgment in her favor and against Defendant and Order that:

    a. Defendant compensate the Plaintiff with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled, had she not been subjected to unlawful discrimination;

    b. Defendant compensate the Plaintiff with an award of front pay, if appropriate;

    c. Defendant pay to the Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

    d. the Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

                SIDNEY L. GOLD & ASSOCIATES, P.C.

            By:    /s/Sidney L. Gold, Esquire
                    SIDNEY L. GOLD, ESQUIRE
                    I.D. NO: 21374
                    TRACI M. GREENBERG, ESQUIRE
                    I.D. NO: 86396
                    KERRY A. MALLOY, ESQUIRE
                    I.D. NO: 201412
                    1835 Market Street, Suite 515
                    Philadelphia, PA 19103
                    (215) 569-1999
                    **Attorney for Plaintiff**

Dated:       February 27, 2006