**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARY JO RATTERMANN, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : NO. 06-CV-867 |
| | : |
| | : |
| FRANKLIN & MARSHALL COLLEGE, | : |
| | : |
| Defendant. | : |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Franklin & Marshall College (the "College"), by and through its undersigned counsel, for its answer and affirmative defenses to the complaint:

I.   PRELIMINARY STATEMENT:

1.   Denies each and every averment contained in paragraph 1 of the complaint, specifically denies that the College discriminated against plaintiff, harmed her in any way, or breached any contract with her and states, to the contrary, that the College denied plaintiff's tenure application as a result of its comprehensive, thorough and thoughtful evaluation of her scholarship, teaching and service to the College community and admits that plaintiff is a former employee who purports to bring this action for damages.

2.    Denies each and every averment contained in paragraph 2 of the complaint, except admits that plaintiff purports to bring causes of action under Title VII of the Civil Rights Act of 1964 (as amended by the Civil Rights Act of 1991), the Pennsylvania Human Relations Act ("PHRA"), and Pennsylvania common law.

II.   JURISDICTION AND VENUE:

3.    Admits the averments of paragraph 3 of the complaint alleging proper jurisdiction under Title VII and also admits that venue is proper.

4.    Admits the averments of paragraph 4 of the complaint alleging proper supplemental jurisdiction over plaintiff's PHRA and common law claims.

5.    Lacks knowledge or information sufficient to form a belief as to whether plaintiff has fulfilled all conditions precedent to enable her to file suit and, therefore, denies those averments, except admits that the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter on or about December 7, 2005.

III.  PARTIES:

6.    Lacks knowledge and information sufficient to form a belief as to the truth of each and every averment contained in paragraph 6 of the complaint and, therefore, denies them, except admits that Mary Jo Rattermann is female.

7.   Admits the averments contained in paragraph 7 of the complaint.

8.   Lacks knowledge or information sufficient to form a belief as to the truth of each and every averment contained in paragraph 8 of the complaint and, therefore, denies them.

9.   Denies the need to respond to the averments contained in paragraph 9 since they are conclusions of law.

IV.   STATEMENT OF CLAIMS:

10.   Denies each and every averment contained in paragraph 10 of the complaint and states that the College first employed plaintiff on March 25, 1998 and ceased employing her as of August 23, 2004.

11.   Denies each and every averment contained in paragraph 11 of the complaint, specifically denies that plaintiff maintained an excellent job performance rating at the College, and states, to the contrary, that the College criticized plaintiff regularly in her performance evaluations for deficiencies in two areas: (1) teaching effectiveness and (2) independent scholarship; Plaintiff received annual evaluations for each academic year she taught at the college; however, as plaintiff knows, evaluations do not take the place of the comprehensive independent peer reviewed evaluation process for tenure; in the tenure review process, the Professional Standards Committee ("Committee") of the College reviews all

pertinent materials and evaluates the candidate's teaching quality, scholarship, and general service contributions to the College community; in order to be granted tenure, her excellence in the three important tenure criteria must be clear and each member of the Committee must support the individual's candidacy for tenure and admits that plaintiff was an assistant professor at Franklin & Marshall College.

12. Denies each and every averment contained in paragraph 12 (including the subparagraphs) of the complaint, denies the need to respond to the averments to the extent they contain conclusions of law and admits that on or about March 25, 1998, the College hired plaintiff as a tenure-track Assistant Professor; under University policy, plaintiff was expected to apply for tenure within six years and that the College did in fact evaluate plaintiff's tenure application in accordance with its policies and procedures, which provide for a comprehensive and thorough peer reviewed evaluation of a candidate's teaching, scholarship and service to the College community.

13. Denies each and every averment contained in paragraph 13 of the complaint and specifically denies that the College discriminated against plaintiff on the basis of her gender and states, to the contrary, that she and similarly situated male candidates for tenure were all subject to the same comprehensive and thorough peer reviewed evaluation process for tenure; in

addition, the College maintains an anti-harassment policy that includes a prompt and orderly mechanism for reporting complaints of sex discrimination and harassment and at no time during her employment did plaintiff ever make a complaint of sex discrimination or harassment of any kind.

14.  Denies each and every averment contained in paragraph 14 of the complaint, specifically denies that the College discriminated against plaintiff on the basis of her gender and states, to the contrary, that she and similarly situated male candidates for tenure were all subject to the same comprehensive and thorough peer reviewed evaluation process for tenure; in addition, the College maintains an anti-harassment policy that includes a prompt and orderly mechanism for reporting complaints of sex discrimination and harassment and at no time during her employment did plaintiff ever make a complaint of sex discrimination or harassment of any kind and admits that Jack Heller is a male and was the Chairperson of the Psychology Department and further admits that Michael Goldstein was a male faculty member at the College and denies the need to respond to the averments to the extent they contain conclusions of law.

15.  Denies each and every averment contained in paragraph 15 of the complaint and admits that on or about November 5, 2003, plaintiff began the application process for tenure.

16.   Denies each and every the averment contained in paragraph 16 of the complaint, and states, to the contrary, that, in the ordinary course of the comprehensive and thorough evaluation of all candidates' applications for tenure, the Professional Standards Committee considers, along with other items, the evaluations submitted by the tenured faculty of the candidate's department and student evaluations of the candidate's teaching.

17.   Denies each and every averment contained in paragraph 17 of the complaint and states, to the contrary, that Dr. Heller, like all of the tenured faculty in the Psychology Department, submitted to the Professional Standards Committee their personal assessments of plaintiff's teaching, scholarship and service to the College community.

18.   Denies each and every averment contained in paragraph 18 of the complaint and states, to the contrary, that Dr. Heller, like all of the tenured faculty in the Psychology Department, submitted to the Professional Standards Committee their personal assessments of plaintiff's teaching, scholarship and service to the College community.

19.   Denies each and every averment contained in paragraph 19 of the complaint and specifically denies any implication that plaintiff was discriminated against or treated any differently than any male candidate.

20.   Denies each and every averment contained in paragraph 20 of the complaint, and specifically denies any implication that plaintiff was discriminated against or treated any differently than any male candidate and states, to the contrary, that the College denied plaintiff's tenure application as a result of its comprehensive, thorough and thoughtful evaluation of her scholarship, teaching and service to the College community

21.   Admits the averments contained in paragraph 21 of the complaint.

22.   Admits the averments contained in paragraph 22 of the complaint.

23.   Denies each and every averment contained in paragraph 23 of the complaint, specifically denies that plaintiff made a verbal complaint of sex discrimination with Bruce Pipes, Provost and Dean of the Faculty, and states that following the College's denial of plaintiff's tenure application, plaintiff requested a meeting with Provost Pipes to discuss the denial of her tenure application; plaintiff complained at the meeting that she believed there were purported irregularities in the tenure review process; the College investigated these allegations and found them to be unfounded.

24.   Denies each and every averment contained in paragraph 24 of the complaint, specifically denies that plaintiff made a

verbal complaint of sex discrimination with Carole De Wet, and states that following the College's denial of plaintiff's tenure application, plaintiff met with Carol De Wet, who was at the time the head of the College's Grievance Committee, to discuss the denial of her tenure application; plaintiff complained at the meeting that she believed there were purported irregularities in the tenure review process and suggested that women were underrepresented in the Psychology department, however, she never claimed that she was the victim of "sex discrimination"; the College investigated these allegations and found them to be unfounded.

25. Denies each and every averment contained in paragraph 25 of the complaint, specifically denies that plaintiff made a verbal or other complaint of sex discrimination with Carole De Wet, and states that following the College's denial of plaintiff's tenure application, plaintiff met with Carol De Wet, who was at the time the head of the College's Grievance Committee, to discuss the denial of her tenure application; plaintiff complained at the meeting that she believed there were purported irregularities in the tenure review process and suggested that women were underrepresented in the Psychology department, however, she never claimed that she was the victim of "sex discrimination"; the College investigated these allegations and found them to be unfounded.

26.   Admits the averments contained in paragraph 26 of the complaint.

27.   Admits the averments contained in paragraph 27 of the complaint.

28.   Denies each and every averment contained in paragraph 28 of the complaint and admits that the College employs two females in tenure or tenure track positions in the Department of Psychology.

29.   Denies each and every averment contained in paragraph 29 of the complaint and admits that the College has awarded tenure to one female in its Department of Psychology.

30.   Denies each and every averment contained in paragraph 30 of the complaint, and specifically denies the plaintiff was "constructively discharged" on August 23, 2004, and states, to the contrary, that on May 4, 2004, the College informed plaintiff that she was denied tenure and that she would receive a terminal year's appointment through the 2004/2005 academic year; plaintiff voluntarily chose to resign before the expiration of her terminal year contract.

## COUNT I
(Title VII — Sex Discrimination)

31.   Repeats and reavers its responses to paragraphs 1 through 30 of the complaint as though fully set forth herein.

32.   Denies each and every averment contained in paragraph 32 of the complaint, and specifically denies that the College or

its employees discriminated against plaintiff because of her gender and denies the need to respond to the averments to the extent they contain conclusions of law.

33. Denies each and every averment contained in paragraph 33 of the complaint, and specifically denies that the College or its employees discriminated against plaintiff because of her gender and denies the need to respond to the averments to the extent they contain conclusions of law.

COUNT II
(PHRA — Sex Discrimination)

34. Repeats and reavers its responses to paragraphs 1 through 33 of the complaint as though fully set forth herein.

35. Denies each and every averment contained in paragraph 35 of the complaint, and specifically denies that the College or its employees discriminated against plaintiff because of her gender and denies the need to respond to the averments to the extent they contain conclusions of law.

36. Denies each and every averment contained in paragraph 36 of the complaint, and specifically denies that the College or its employees discriminated against plaintiff because of her gender and denies the need to respond to the averments to the extent they contain conclusions of law.

COUNT III
(PA Common Law — Breach of Contract and Breach of Duty of Good
Faith and Fair Dealing)

37.   Repeats and reavers its responses to paragraphs 1 through 36 of the complaint as though fully set forth herein.

38.   Denies each and every averment contained in paragraph 38 of the complaint, and specifically denies that the College or its employees breached any contract or discriminated against plaintiff because of her gender and denies the need to respond to the averments to the extent they contain conclusions of law.

39.   Denies each and every averment contained in paragraph 39 of the complaint, and specifically denies that the College or its employees breached any contract or discriminated against plaintiff because of her gender and denies the need to respond to the averments to the extent they contain conclusions of law.

40.   Denies each and every averment contained in paragraph 40 of the complaint, and specifically denies that the College or its employees breached any contract or discriminated against plaintiff because of her gender and denies the need to respond to the averments to the extent they contain conclusions of law.

## PRAYER FOR RELIEF

41.   Repeats and reavers its responses to paragraphs 1 through 40 of the complaint as though fully set forth herein.

WHEREFORE, Franklin & Marshall College respectfully requests that the Court dismiss the complaint and enter judgment in its favor and against Mary Jo Rattermann, together with an award of

costs, attorneys' fees, interest and such other and further relief that the Court deems just.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or loss, such damages or loss were caused in whole or in part by her own acts, omissions and/or conduct of third parties other than the Franklin & Marshall College for which Franklin & Marshall College is not legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all actions of Franklin & Marshall College were in compliance with College policies and therefore proper, privileged, justified and undertaken in good faith.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as plaintiff has failed to avail herself of the administrative remedies available at Franklin & Marshall College.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because College, its faculty and its academic administrators had an academic freedom, First Amendment and a legal right to express their opinions and render academic judgments.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has no right to a jury trial on some or all of the asserted claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to comply properly with and exhaust her contractual, internal and external administrative remedies.

WHEREFORE, defendant Franklin & Marshall College respectfully request that the Court dismiss the complaint and enter judgment in its favor and against Mary Jo Rattermann, together with an award of costs, attorneys' fees, interest and such other and further relief that the Court deems just.

/s/ Neil J. Hamburg
Neil J. Hamburg

Attorney I.D. No. 32175
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103

(215) 255-8590

Counsel for Defendant Franklin & Marshall College

<u>CERTIFICATE OF SERVICE</u>

I, Neil J. Hamburg, certify that the foregoing Answer to Complaint has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System.  I further certify that a copy of the foregoing Answer to Complaint was served by regular mail, on May 8, 2006 upon the following:


Sidney L. Gold
Traci M. Greenberg
Sidney L. Gold & Associates, PC
1835 Market Street, Suite 515
Philadelphia, PA 19103


/s/ Neil J. Hamburg
Neil J. Hamburg